## Bailey *et al. v.* Gaskins.

Where the general issue was plead, and two special pleas, to which there was a demurrer, but of which special pleas there was no formal disposition upon the record, but verdict and judgment generally for the plaintiff; the appellate court, on a writ of error, being of opinion that the special pleas were a sufficient bar to the action, reversed the judgment of the court below, and entered a judgment in this court in bar of the action, under the statute which authorizes this court to give such a judgment as the court below should have rendered.

IN ERROR from the circuit court of the county of Jefferson.

Action of assumpsit on a promissory note for five thousand two hundred and fourteen dollars. The defendant pleaded the general issue and two special pleas, that the consideration of the note was slaves introduced into this state as merchandize. There was issue on the first plea, and a demurrer to the two special pleas, of which the record did not show any formal disposition. There was a verdict and judgment generally for the plaintiff. On writ of error by the defendants below, the appellate court decided the special pleas a good bar to the action, reversed the judgment, and pronounced a judgment in bar of the action. This is a motion in this court to correct the latter judgment.

Jennings for the motion.

The proper judgment to be given by a court of error, reversing a judgment against a defendant, is simply a judgment of reversal, *quod judicium reversetur*. For, say the authorities, the writ of error was brought only to be eased and discharged from that judgment.

Where the plaintiff in the action prosecutes successfully a writ of error, "the court shall give such judgment as the court below

should have given, for the writ of error is to revive the first cause of action, and to recover what he ought to have recovered in the first suit wherein erroneous judgment was given."

In support of these positions, the court are referred to 3 Bac. Ab. title Error, 118–19; 1 Salk. 262; 4 Bur. 2156, 2490, per Lord Mansfield; 4 Serg. & Rawle, 389.

The only cases in which a writ of error in favor of a defendant has gone further than a mere reversal of the judgment of an inferior court, are where the facts have been *ascertained by verdict*, and in the cases of replevin and quare impectil. 12 East. 667–71.

Our statute, (Rev. Code, 150,) providing generally that the court of error shall give such judgment as the court below should have rendered or passed, has this restriction: "except it be necessary, in consequence of the decision of the supreme court, that some matter of fact be ascertained," &c. If the filing of a demurrer be such an ascertainment of the facts as will warrant a judgment of the high court in bar of his claim, then a mistake by the court below, and the counsel, as to the legal sufficiency in a defence, must be, in all cases in which it is made in favor of the plaintiff, fatal to him. His rights, too, are very unequal to those of the defendant. He may try the facts, and then bring up the question of law on a motion in arrest of judgment. But if the plaintiff would have the legal sufficiency of the defendant's pleas determined by the court, he must relinquish all thought of contesting the facts. If he takes issue on a plea bad in point of law, and it is found for him, he could have no judgment in his favor. Why adopt such a construction of our statute as must result peril and mischief to parties plaintiff, when the obvious import of its words suggest a different interpretation? A demurrer, which supposes the facts to be true as alleged in the plea or count, for the purpose of bringing the question of law before the court, can surely not be said to "ascertain facts," within the meaning of the statute, unless in cases in which the party demurring evinces his determination not to submit the facts to the decision of a jury—as where the defendant demurs to the plaintiff's declaration, or the plaintiff demurs to defendant's plea, and, after a decision by the circuit court *against*

him, does not seek an opportunity to contest the facts averred in the plea.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

A motion is made to correct a judgment entered by this court at a former day of the term, by which the defendant in error is barred of his right to recover of the plaintiffs in error.

The defendants below filed three pleas—non assumpsit and two special pleas. The plaintiff below took issue on the first, and demurred to the special pleas. A verdict was found for the plaintiff, but the record does not show whether there was any judgment overruling or sustaining the demurrer; still there is a judgment generally for the plaintiff. The defendants below bring the case up by writ of error, and we have reversed the judgment, holding that the matter pleaded specially is a good bar to the action, and that therefore the demurrer ought to have been overruled, and we accordingly have entered such a judgment as the court below should have rendered, according to the provisions of our statute. The defendant in error insists that we should merely reverse the judgment and remand the cause for the proceedings of the circuit court, on the ground that there was no judgment on the demurrer, and because he had a right in the court below, before a final decision on the demurrer, to withdraw it and reply, and that he is deprived of this right by the judgment of this court against him.

It is true, there was no formal judgment on the demurrer; but how can the defendant in error complain of this? He is not prejudiced by it. It was his demurrer, and he had, in effect, a judgment on it in his favor. He demurred for the purpose of having the pleas decided to be insufficient, and he obtained what he desired; for if the pleas had been regarded as a good bar, the plaintiff could not have had a judgment, but the judgment should have been for the defendant. The general judgment was, therefore, in effect, a judgment on the demurrer. To test this position, let it be supposed that the plaintiff had brought this writ of error, could he then have insisted that the judgment must be reversed because there was no formal judgment on the demurrer? He

could not, because such an error would not operate to his prejudice; his object being accomplished by the general judgment. This, then, presents no ground for remanding the cause.

Nor can we remand it for the other reason urged, to wit: that the party might obtain leave to withdraw his demurrer and reply. This he might have done in the court below before judgment, but he chose to rest on his demurrer. By the demurrer the truth of the pleas was admitted; sufficiently at least to justify the court in rendering judgment. He who demurs to a plea, does so at his peril. He takes the consequences of admitting the truth of the pleas, and he cannot afterwards object that the demurrer was not an admission of the truth of the matter pleaded. For what, then, is it necessary that the cause should be remanded? If this be done, it must be done for the purpose of allowing the party the privilege of asking the leave of the court to withdraw his demurrer; and this is a privilege which he might or might not ask, and when asked, it is one which the court might or might not allow, according to its discretion.

Our statute requires that we should give such judgment as the court below should have given, unless, from the opinion, it becomes necessary to have some fact ascertained or damages calculated, in which case it is to be remanded. But in this case there is no fact to be ascertained, or damages assessed.— The facts are ascertained by the demurrer, and, by remanding the cause, we could only order the court to render judgment on the demurrer for the defendant. This is the only judgment which the record will justify. We cannot remand, because, by possibility, the cause may be placed in a different attitude.

It cannot be doubted what should have been the judgment of the court below, if the demurrer had been overruled, as it should have been. When the plea is a bar to the action, and the demurrer is determined in favor of the plea, the judgment is *nil capias*, notwithstanding there may be one or more issues of fact; because, upon the whole record, it appears that the plaintiff had no cause of action. In such case, if the demurrer is determined before the issues of fact are tried, they shall not

Bailey *et al. v.* Gaskins.

be tried; but if the issues of fact have been tried, and found in favor of the plaintiff, it makes no difference—for, on the whole case, judgment must be given against him.     2 Tidd, p. 741.

Then we are to decide according to what the judgment should have been on the record; not what the court might have done if the plaintiff had applied for leave to withdraw his demurrer.

Motion overruled.